[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 8, 2008
THOMAS K. KAHN
CLERK

No. 06-14474
Non-Argument Calendar

_____

D. C. Docket No. 06-00002-CR-1-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBERT COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 8, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Hubert Coleman appeals his 96-month sentence following his guilty plea to

one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

Coleman argues for the first time on appeal that the district court should have awarded him a three-level reduction for his "attempt" at carjacking or made specific findings as to why it did not under U.S.S.G. § 2X1.1(b)(1).

Despite having made several specific objections to the presentence investigation report before the district court, Coleman nevertheless raises the issues concerning application of U.S.S.G. § 2X1.1(b)(1) for the first time on appeal. We "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (internal quotation marks omitted), cert. denied, 545 U.S. 1127 (2005). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1298 (internal quotations omitted) (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). This standard of review is a "daunting obstacle" for an Appellant to meet and we have been instructed by the Supreme Court to use such review "sparingly." Id.

Coleman pleaded guilty to one count of being a felon in possession of a firearm after he was indicted following his "attempt" to carjack an SUV from a 75

year-old woman in a Home Depot parking lot. After sneaking into the backseat of her car, Coleman, who had a gun, insisted that the driver close her door and drive away. The elderly driver refused to close her door and the two argued before Coleman decided to flee from the car. He was eventually arrested by local police after police dogs found him hiding in a nearby restaurant's parking lot bushes.

Because he was unsuccessful in persuading the 75 year-old driver to close her car door and ultimately fled the scene having not completed whatever act Coleman contemplated, he now argues that it was plain error for the court not to grant him a three-level reduction for "attempt" under the Guidelines. The pertinent Guidelines language reads:

> If an attempt, decrease by **3** levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

U.S.S.G. § 2X1.1(b)(1). Coleman argues that the court plainly erred by failing to make an inquiry into whether Coleman was entitled to this three-level reduction. Further, he asserts that had the court conducted said inquiry, it would have found Coleman entitled to the reduction and that reduction would have significantly reduced his sentence.

Upon review of the presentence investigation report and the sentencing

3

transcripts, and upon consideration of the briefs of the parties, we discern no plain error. We conclude, assuming *arguendo*, that even if Coleman meets the first two prongs of the plain error test,[1] he cannot prevail on the third. Coleman has not demonstrated that the district court's failure to address a reduction for attempt affected his substantial rights under the discretionary sentencing scheme. In other words, whatever error the district court committed in failing to consider an attempt level-reduction, it does not rise to the level of plain error.

Coleman bears the burden of persuasion to show that any purported error by the district court prejudiced his substantial rights. Id. at 1299; see also United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993). Coleman must demonstrate that there is a "reasonable probability" that, were the court to have considered a reduction for "attempt" under the Guidelines, Coleman would have received the three-level reduction and thereafter a lesser sentence reduction. Rodriguez, 398 F.3d at 1299. It is anything but clear and therefore not reasonably

---

[1] "[T]he district court remains obligated to consult and correctly calculate the Guidelines, after which it may impose a more severe or more lenient sentence as long as it is reasonable." United States v. Pope, 461 F.3d 1331, 1335 (11th Cir. 2006). Whereas the court below indicated that it considered, in deciding Coleman's sentence, the "Presentence Report, as well as the factors set forth in Title 18, United States Code 3553(a), and us[ed] the Sentencing Reform Act of 1984 as a guide," there is no indication from the record before us that the court considered a reduction under U.S.S.G. § 2X1.1(b)(1) as part of its Guidelines calculus. The Presentence Report makes no mention of this potential reduction in its analysis of § 2X1.1. We need not decide whether the district court erred by failing to address a reduction under § 2X1.1(b)(1) in order to resolve this appeal and we decline to do so here.

probable that Coleman's conduct–his voluntary cessation of the attempted carjacking after encountering an obstinate elderly victim–would qualify him for a reduction under the Guidelines. See United States v. Lee, 427 F.3d 881, 894 (11th Cir. 2005) ("This three-level reduction may be declined, however, if the factual circumstances show that the offense was about to be complete but for an interruption beyond the defendant's control."); see also U.S. Sentencing Guidelines Manual § 2X1.1(b)(1) cmt. background (2007) ("In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement or the victim. In such cases, no reduction of the offense level is warranted.").

Having failed to show that any error resulted in prejudice, Coleman's sentence is **AFFIRMED.**[2]

---

[2] Coleman's request of oral argument is also hereby DENIED.